M. BRADLEY JOHNSON, ESQ.
Nevada Bar No. 4646
SCHNITZER WATSON & JOHNSON, CHTD.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
bjohnson@ksjattorneys.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COUNTRY CASUALTY INSURANCE COMPANY,<br><br>   Petitioner<br><br>v.<br><br>VISTA EQUITY, L.P.,<br><br>   Respondent | Case No.<br><br>**PETITION TO APPOINT UMPIRE** |

Petitioner Country Casualty Insurance Company (hereinafter "Country") respectfully petitions this Court to appoint an umpire for an appraisal, pursuant to a policy of property insurance issued by Country to Vista Equity LP.

## SUMMARY OF PETITION

This matter concerns an insurance dispute arising from an insurance claim by Respondent Vista Equity LP after a fire damaged an apartment complex and a dispute has risen as to coverage of certain claims and damages related to same. Country Mutual insured the property at the time of the loss. Country Mutual has issued substantial benefits for the claimed loss.

A disagreement has arisen between Vista Equity LP and Country Mutual as to the total cost actually and necessarily incurred to repair the damaged structure.

1

## PARTIES AND JURISDICTION

1. Petitioner Country Mutual Insurance Company is an insurance company duly organized under the laws of the State of Illinois, with its principal place of business located at 1711 General Electric Road, Bloomington, Illinois, 61702. Country is authorized to do business in Nevada.

2. Respondent Vista Equity, L.P . is a domestic limited partnership registered in Nevada.

3. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 as complete diversity exists among the parties and the amount in controversy exceeds $75,000, exclusive of interests and court costs. There is a disagreement of several hundred thousand dollars between the parties as to the total cost actually and necessarily incurred to repair the damaged structure.

4. Jurisdiction also is proper pursuant to F.R.C.P. 57 and 28 U.S.C. §2201 which provide for the filing of matters seeking a declaratory relief. Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. To meet this jurisdictional requirement, an actual case or controversy must be present at all stages of the litigation. There are two ongoing controversies that include disputes over the value of loss to the property and the appointment of a neutral umpire. Invocation of the appraisal is premised on the existence of a contractual dispute between the parties. *Cypress Chase Condo. Ass'n A v. QBE Ins. Corp.*, No. 10-61987-CIV, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011). *Matter of Appraisal of Church Mut. Claim No. 1171752 v. Paul Quinn AME Church,* No. A-13-CA-079-SS, 2013 WL 12093756, at *2 (W.D. Tex. Aug. 30, 2013) (insurance company's right to an appraisal under the insurance policy and petition for appointment of umpire evidenced "a concrete, particular injury" that was not "[conjectural] or hypothetical" conferring diversity jurisdiction on the United States District Court).

/ / /

/ / /

## REQUEST FOR APPOINTMENT OF UMPIRE

5. Country Mutual issued to Vista Equity, L.P. policy number WA0200229517 for the period 1/31/21 through 1/31/22 which, subject to all of its terms, conditions, limitations, exclusions, limits, and provisions contained therein (the "Policy"). The Policy provides coverage for direct physical loss of, or damage to, covered property caused by or resulting from a covered cause of loss, including damage caused by fire during the policy period. The policy affords replacement cost benefits for the cost actually and necessarily incurred to replace the damaged structure, subject to certain provisions, exclusions, limitations and conditions.

6. Vista Equity submitted an insurance claim to Country Mutual following a fire loss affecting units at the Sundance Village Apartments.

7. A disagreement on the amount of loss and coverage of certain claims and damages now exists.

8. The Policy states:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. *The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a Court having jurisdiction.* The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **(a)** Pay its chosen appraiser; and
> **(b)** Bear the other expenses of the appraiser and umpire equally.
>
> If there is an appraisal, Country will still retain its rights to deny the claim. (emphasis added)

9. The parties cannot come to an agreement as to the selection of an umpire.

10. Because the parties cannot agree on an umpire, Country respectfully petitions the Court to appoint an umpire who shall be competent in the trade or skill necessary to assess the loss. Country Mutual, therefore, respectfully asks that the Court consider the

3

background, knowledge and experience in construction matters.

11. Country proposed the following professionals as potential umpires and has attached copies of their respective curriculum vitaes for the Court's consideration:

   a. Hon. Jay Young (RET.), CV attached as Exhibit 1
   b. Hon. Mark Gibbons (RET), CV attached as Exhibit 2
   c. Floyd Hale Esq., CV attached as Exhibit 3
   d. Hon. David Jones (RET), CV attached as Exhibit 4

12. Each has extensive experience acting as a neutral in the specialties of construction and insurance. There is no evidence of bias or any other reason to suspect the impartiality of the umpires proposed in this Petition.

**REQUEST FOR RELIEF**

Wherefore, Petitioner Country Mutual Insurance Company respectfully asks the Court to appoint an umpire from the list of names submitted in this petition.

Respectfully submitted this ___16th___ day of February, 2024

SCHNITZER JOHNSON & WATSON, CHTD.

M. BRADLEY JOHNSON, ESQ.
Nevada Bar No. 4646
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
*Attorneys for Petitioner*

4